## WRIGHT *et al. vs.* JAMES.

1. Where a party, in August, 1856, was arrested under a *ca. sa.*, filed his schedule of property liable to sale, and it was sold, and he discharged under the act for the relief of honest debtors, leaving him in possession of fifty acres of land, which he held until the death of his wife, and the arrival at age of his children, it was no longer under the operation of the exemption law of 1822 and the amendments thereto.

2. A subsequent marriage of such a party would not re-establish the exemption so as to inure to the use and benefit of the second wife; to be enjoyed it must be renewed. Therefore, a deed by the husband and the wife of the same to secure a debt contracted in 1875, was a valid agreement, and the debt must be paid before any equitable rights therein can accrue to the grantors, and poverty and age alone, distressing as they are, cannot create an equity in such grantors sufficient to defeat their deed.

Injunction. Homestead. Contracts. Deed. Before Judge SPEER. Henry County. At Chambers. February 12th, 1880.

Reported in the opinion.

BOYNTON & HAMMOND, by brief, for plaintiffs in error.

STEWART & HALL, by brief, for defendant.

CRAWFORD, Justice.

In 1875 William L. Wright and Mary B. Wright made a deed to David James to certain land therein named, to secure the payment of a debt. Wright rented the land in 1876, '77, '78, and, refusing to give possession in 1879, James sued out a warrant against him as a tenant holding over, to which a counter affidavit was filed, and upon the trial the issue was found in favor of James. When Wright was about to be dispossessed, he and his wife filed a bill setting up as their equity in the land, that the same was a homestead, and had been exempted from levy and sale in August, 1856, and therefore could not be sold by them; that the

deed to James was tainted with usury and void; that Mary B. Wright was the beneficiary of the homestead, and no act or deed of Wright's could affect her claim; that the debt had about been paid, and that their rights, under the homestead, had not been passed upon in the trial had to oust them. They prayed that their deed to James may be declared void, and if it should be made to appear that Wright is still indebted to James, and that the land is subject thereto, that it be sold to pay the same. They further pray for general relief and injunction against their being removed. The defendant answered complainants' bill, denying that the land was ever set apart as homestead, but says that in August, 1856, W. L. Wright, having been arrested under a *ca. sa.*, filed his schedule under the act for the relief of honest debtors then of force, and that an order was taken for the sale of such of his property as was liable, but nothing further was done by the said Wright or the court, except to discharge the said defendant from imprisonment. Defendant admitted suing out the warrant against him, to which a counter affidavit was filed and a trial had in April, 1879, in which the issues arising under this bill were passed upon and found in defendant's favor, but that he allowed the complainants to remain in possession for the balance of the said year, 1879. That Mary B. Wright was present and sworn as a witness at the trial, and that the question of the deed's being tainted with usury was also passed upon, and found in defendant's favor. Defendant further set up the fact that the family of the said Wm. L. Wright, as it existed in 1856, was dissolved by the death of his wife, and the children having attained their majority, and that the present wife has no claims upon the homestead set apart in 1856, even if any had been set apart, as she had intermarried with the said William L. in the year 1870.

The judge, upon considering the bill, answer and affidavits, refused the injunction, and the complainants excepted.

An examination of this record brings us to the same conclusion reached by the judge below, that the complain-

ants were not entitled to the injunction prayed for, and that no error was committed in refusing it.

1. Where a party in, August 1856, was arrested under a *ca. sa.*, filed his schedule of property liable to sale, and it was sold, and he discharged under the act for the relief of honest debtors, leaving him in possession of fifty acres of land, which he held until the death of his wife, and the arrival at age of his children, it was no longer under the operation of the exemption law of 1822, and the amendments thereto.

2. A subsequent marriage of such a party would not re-establish the exemption so as to inure to the use and benefit of the second wife; to be enjoyed it must be renewed; a deed, therefore, by the husband and wife of the same to secure a debt contracted in 1875, was a valid and binding agreement, and the debt must be paid before any equitable rights therein can accrue to the grantors, and poverty and age alone, distressing as they are, cannot create an equity in such grantors sufficient to defeat their deed.

Judgment affirmed.